UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WEINSTEIN, J.

-----------------------------------------------------------X

EVELYN MIRANDA,

Plaintiff,

CV 12-3325

POHORELSKY, M.J.

-against-

COMPLAINT

FUSULAG CORP., FUSULAG CORP. d/b/a KEY FOOD, and KEY FOOD STORES CO-OPERATIVE, INC.

Plaintiff demands a trial by jury

Defendants.

-----------------------------------------------------------X

Plaintiff, complaining of defendants herein, by and through his attorney, alleges the following:

## NATURE OF THE CASE

1. This is an action to remedy discrimination on the basis of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq., NY Exec. Law Sections 290 et seq., the NYC Administrative Code, including Sections 8-101 et seq.; the Civil Rights Act of 1966, 42 U.S.C Section 1981; as well as wage payment violations under 29 USC 201-219 and NY Labor Law 190-199a; and whistleblower protections afforded by and including New York Labor Law 740.

2. Plaintiff seeks declaratory relief, monetary and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction is specifically conferred upon this United States District Court pursuant to 42 U.S.C. Sections 2000e-5(f) and (g) and 28 U.S.C. Sections 1331, 1343(a)(4), 2201 and 2201. Jurisdiction over the State and Local claims is invoked pursuant to 28 U.S.C. Section 1367 and the Court's pendant jurisdiction.

4. Venue is found in the United States, District Court, Eastern District of New York pursuant to 28 U.S.C. Section 1391(b).

5. A charge was timely filed with the Equal Opportunity Commission on February 16, 2012 alleging that the defendants engaged in a series of discrimination based upon plaintiff's sexual orientation, sexual harassment, national origin (latina) and retaliation, as well as 29 USC, as well as wage violations and whistleblower protections violations.

6. On or about April 12, 2012 the EEOC issued a 90 day right to sue letter to plaintiff.

## PARTIES

7. The plaintiff is a female who resides in the County of New York, City and State of New York.

8. Defendants are corporations duly formed and existing under and by virtue of the laws of the State of New York, maintaining principal places of business within the County, of Kings, City and State of New York.

9. Defendants are foreign corporations authorized to do business within the County of Kings, City and State of New York.

10. Defendants were and are the owner and manager or a Key Food store at 369 Flatbush Avenue, Brooklyn, NY, and employer of plaintiff who was an employee thereat.

11. Defendants were and are providers of supervision, control, benefit financially from, and have contractual rights and responsibilities relative thereto said Key Food store.

## INTRODUCTION

12. On or about November 1, 2010, and subsequent thereto, plaintiff was hired and employed by defendants as an employee working at the Key Food thereof. That following her hiring by the defendants, her supervisors, agents thereof and co-workers, discriminated against plaintiff because of her sex, sexually harassed her, including in form of quid-pro-quo harassment, hostile work environment, retaliation, making wear work uniform to 'show off her body', made numerous improper sexual comments, inquiries, propositions, and requests, discriminated against her because of her national origin, as well as failed to pay her any overtime wages despite working more than 40 hours per week, and treated her negatively, and damaged her within her employment standing, status, pay and hours as a result of her complaining about the sale of spoiled, unfit food and refusing to hide the evidence thereof, as well as retaliated against her for her complaints relative to all of the foregoing, all causing her termination on October 20, 2011, without legitimate basis therefor, and instead solely because of the foregoing improper activities thereof.

13. That following the commencement of the conduct detailed above, plaintiff made numerous complaints to the defendants, their agents, servants and/or employees.

14. That despite said complaints, and the conduct detailed herein, the defendants refused to terminate the course of conduct of said individuals, thereby condoning such illegal acts and transforming the acceptance of the conduct into a condition of plaintiff's continued employment.

15. That said discriminatory conduct was repeated and designed to cause plaintiff to submit to same, thereby rendering plaintiff's submission thereto a term or condition of his employment.

16. That plaintiff complained of said discriminatory conduct during the course of her employment and was retaliated against and eventually terminated because of same.

17. That plaintiff was damaged by the defendants' conduct, including having been terminated on or about October 20, 2011, constructively terminated, caused to terminate her employment rather than submit to said conduct, suffered lost wages, job status, both past and present, earning, retirement and benefits potential, emotional distress manifesting itself in physical injury, and any and all compensatory and punitive damages by law made and provided.

### AS AND FOR A FIRST CAUSE(S) OF ACTION

18. The plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "17" of this complaint as if more fully set forth herein.

19. The defendants' conduct and the conduct of its managerial employees constitutes unlawful discrimination on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

### AS AND FOR A SECOND CAUSE(S) OF ACTION

20. The plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1 through "19" of this complaint as is more fully set forth herein.

21. The defendants' conduct and the conduct of its managerial employees constitutes unlawful discrimination on the basis of gender in violation of NYS Human Rights Law, Exec. L. Sections 290 et seq.

### AS AND FOR A THIRD CAUSE(S) OF ACTION

22. The plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1 through "21" of this complaint as if more fully set forth herein.

23. The defendants' conduct and the conduct of its managerial employees, constitutes unlawful discrimination on the basis of gender in violation of NYC Human Rights Law Admin. Code Section 8-101-8-131 et seq.

### AS AND FOR A FOURTH CAUSE(S) OF ACTION

24. The plaintiff repeats, reiterates and realleges the allegations contained in paragraphs

"1 through "23" of this complaint as if more fully set forth herein.

25. The defendants' conduct and the conduct of its managerial employees, constitutes unlawful discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. Section 1981, and has injured plaintiff.

## AS AND FOR A FIFTH CAUSE(S) OF ACTION

26. The plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "25" of this complaint as if more fully set forth herein.

27. The defendants conduct and the conduct of its managerial employees, constitutes unlawful discrimination in violation of the Civil Rights Act of 29 U.S.C. 621-634, et seq, and has injured plaintiff.

## AS AND FOR A SIXTH CAUSE(S) OF ACTION

28. The plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "27" of this complaint as if more fully set forth herein.

29. Defendants' above-noted conduct was extreme and outrageous, intended to cause, or disregard a substantial probability of causing, severe emotional distress, and did so, cause injury and severe emotional distress.

## AS AND FOR A SEVENTH CAUSE(S) OF ACTION

30. The plaintiff repeats, reiterates, and realleges the allegations contained in paragraphs "1" through "29" of this complaint as if more fully set forth herein.

31. The defendants' negligently caused plaintiff's above-detailed damages.

## AS AND FOR A EIGHTH CAUSE OF ACTION

32. The plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "31" of this complaint as if more fully set forth herein.

33. Defendants did negligently, willfully, intentionally, maliciously and recklessly cause plaintiff damage via interfering, preventing and obstructing his ability to obtain benefits, employment, compensation, health coverage, federal, state and local social services benefits.

## AS AND FOR NINTH CAUSE OF ACTION

34. The plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "33" of this complaint as if more fully set forth herein.

35. Defendants did negligently, willfully, intentionally, maliciously and recklessly cause plaintiff damage via converting, undergoing acts constituting conversion, stealing, destroying and refusing to return his personal property which was present in the defendant premises at which plaintiff was employed.

## AS AND FOR TENTH CAUSE OF ACTION

36. The plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "35" of this complaint as if more fully set forth herein.

37. Defendants failed and refused to provide plaintiff proper wages, including over-time pay, and violated 29 USC 201-219 and NY Labor Law 190-199a.

## AS AND FOR ELEVENTH CAUSE OF ACTION

38. The plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "37" of this complaint as if more fully set forth herein.

39. Defendants violated plaintiff's rights and damaged her as a result of her refusing to and failing to violate New York law and assist in same, and complaining thereof, and violate the whistleblower protections afforded by and including Federal Law and New York Labor Law 740, and in turn damaging her, including terminating her because of same.

## RELIEF DEMANDED

WHEREFORE, the plaintiff respectfully requests that this Court enter judgment:

A: Declaring that the defendants and their managerial employees engaged in unlawful discrimination in violation of federal, state and local statutes cited hereinabove.

B: On the first cause of action, compensatory and punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00), or such higher amounts as the law may amend to permit.

C: On the second cause of action, compensatory and punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

D: On the third cause of action, compensatory and punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

E. On the fourth cause of action, compensatory and punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

F. On the fifth cause of action, compensatory and punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

G. On the sixth cause of action, compensatory and punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

H. On the seventh cause of action, compensatory and punitive damages in the amount of

FIVE MILLION DOLLARS ($5,000,000.00)
I.  On the eighth cause of action, compensatory and punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00)
J.  On the ninth cause of action, compensatory and punitive damages in the amount of FIFTEEN THOUSAND DOLLARS ($15,000.00)
K.  On the tenth cause of action, compensatory and punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00)
L.  On the eleventh cause of action, compensatory and punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00)
M.  The cost, disbursements and legal fees of this action, interest from the date of the Verdict rendered hereon and reasonable attorney's fees.
N.  Such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
       June 25, 2012

                                      Yours, etc.

                                      KUBICK & ASSOCIATES, P.C.

                                      *[signature]*

                                      BY: RICHARD KUBICK
                                          (RAK-8331)
                                      Attorneys for Plaintiff
                                      40 Worth St., Suite 820
                                      N.Y., N.Y. 10013
                                      212.684.7541